FILED
4/4/22 10:24 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **STEPHEN F. D'ANGELO,** | ) | **Bankruptcy No. 21-21903-JAD** |
| | ) | |
| Debtor. | ) | **Chapter 11** |
| _____ X | ) | |
| | ) | |
| **STEPHEN F. D'ANGELO,** | ) | **Related to ECF No. 114** |
| | ) | |
| Movant, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| **NO RESPONDENTS.** | ) | |
| _____ X | ) | |

## MEMORANDUM OPINION

The debtor-in-possession, Stephen D. D'Angelo (the "Debtor"), filed a relatively simple request for relief captioned as an *Application to Employ Montgomery McCracken Walker & Rhoads, LLP, as Special Local Appellate Counsel to the Debtor, Nunc Pro Tunc to February 17, 2022* (the "Retention Application").[1]

The record reflects that proposed "special local appellate counsel" has been representing the Debtor with respect to an appeal of litigation commenced before the Commercial Division of the Supreme Court of New York, County of New York. See *Verification of Proposed Attorney* at para. 3 ("The Firm has no connection … except that the Firm represents Stephen F. D'Angelo in litigation pending in the Appellate Division of the New York Supreme Court").

---

[1] The Retention Application is a core proceeding over which the Court has the requisite subject-matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334.

In that New York litigation, Purlin 2, LLC and Arena Limited SPV, LLC (collectively, "Arena") obtained summary judgment with respect to $26 million in defaulted loans that the Debtor personally guaranteed.  The record of this bankruptcy case reflects that leave has been granted by this Court authorizing the Debtor and Arena to litigate the above referenced appeal. See ECF No. 50.

These circumstances should have resulted in the Retention Application being a routine administrative matter.  However, that was not the case as Arena filed an objection in an effort to block the Debtor from employing local counsel to assist the Debtor in the prosecution of the New York appeal.

In support of its objection, Arena asserts three reasons why the Retention Application should be denied.  Those reasons are: (1) that the application allegedly does not specify the Bankruptcy Code section upon which the application is based, (2) that the retention of local appellate counsel is "not in the best interest" of the bankruptcy estate because, according to Arena, the Debtor has an "unlikely" chance of "success on appeal" and the retention of local appellate counsel is not a "good use of estate funds or otherwise benefit[s] creditors," and (3) that the current Chapter 11 plan proposed by the Debtor offers to pay a "meager" distribution of $250,000 to unsecured creditors (which includes Arena), and therefore the estate should not incur the additional administrative expenses associated with the retention of local appellate counsel.

These objections by Arena are without merit.  Beginning with the objection

based on the phantom Bankruptcy Code section, the Retention Application filed by the Debtor states unequivocally that the "statutory predicate for this Application is 11 U.S.C. § 327." <u>See</u> Retention Application at para. 1.  This section of the Bankruptcy Code states, in pertinent part, that:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

<u>See</u> 11 U.S.C. § 327(e).

Of course, the applicability of Section 327 to the Retention Application by the Debtor should have been readily apparent to counsel to Arena, because certain rights and powers of a bankruptcy trustee are vested in a debtor-in-possession by operation of 11 U.S.C. § 1107.  <u>See</u> <u>In re Diamond Mortgage Corp. of Illinois</u>, 135 B.R. 78, 88 (Bankr. N.D. Ill. 1990).  Accordingly, the objection of Arena based on a "lack of Code section" is overruled as being devoid of any merit.

Turning to the other bases of the objection, the Court notes that nowhere does Arena question the competency of proposed special counsel.  Nor does Arena contest the appropriateness of the proposed hourly billable rates of proposed special counsel.  Arena also does not contend that proposed local appellate counsel has a conflict of interest or that it holds a material adverse interest of any sort vis-a-vis the bankruptcy estate.

Rather, in its objection, Arena focuses primarily on the appeal lodged by the Debtor in New York.  In this regard, Arena contends that the Debtor's appeal is meritless[2] because the trial court in New York entered summary judgment and, as part of its decision, noted that "none of the defendants even attempt to proffer any valid defenses at all ... [n]or have they proffered any basis to question the amount owed." See *Objection* at para. 6, filed at ECF No. 144.  Accordingly, Arena argues that by prosecuting his appeal, the Debtor is wasting estate assets by incurring additional administrative expenses and that on this basis the Retention Application should be denied.

This objection by Arena is overruled because the law of the Third Circuit is that the entry of an order approving the retention of a professional does not establish a right to be paid from the bankruptcy estate. See Ferrara & Hantman v. Alvarez (In re Engel), 124 F.3d 567, 571 (3d Cir. 1997).  Rather, compensation from estate funds is subject to a second look by this Court under 11 U.S.C. § 330 and related case law.[3]

To be clear, with respect to any future application for compensation, courts have held that special counsel "bears the burden" of establishing that it is entitled

---

[2] Under New York law, counsel pursuing frivolous litigation may be subject to sanctions. See N.Y. COMP. CODES R. & REGS. TIT. 22 § 130-1.1; see also Matter of Gordon v. Marrone, 202 A.2d 104 (N.Y. App. Div. 1994)(discussing authority of New York courts to sanction litigants and attorneys for frivolous appeals).

[3] A limited exception or caveat would be compensation previously approved under 11 U.S.C. § 328, which is inapplicable to the matter *sub judice*.

to payment of fees and reimbursement of expenses, and courts do "not assume any expense is necessary." <u>In re Palladino</u>, 267 B.R. 825, 833 (Bankr. N.D. Ill. 2001). Indeed, while lawyers are not necessarily guarantors of success in all cases, bankruptcy courts have in some instances denied compensation for services found to be unnecessary when compensation is sought for prosecuting litigation after it became apparent that the claim would not yield a net gain to the bankruptcy estate. <u>See</u> <u>e.g.</u>, <u>In re Taxman Clothing Co.</u>, 49 F.3d 310, 315-16 (7th Cir. 1995); <u>see also</u> 11 U.S.C. § 330(a)(3)(C)(instructing courts when reviewing fee applications to consider whether the services were beneficial *"at the time at which the service was rendered"*).

At the present time, it is premature for this Court to weigh in on the merits of the New York litigation or to determine the allowance or disallowance of Arena's claim until the New York appeal is exhausted.  In fact, the <u>Rooker-Feldman</u> Doctrine precludes this Court from presently operating as a d*e facto* appellate court as to those matters.  <u>See</u> <u>e.g.</u>, <u>In re Madera</u>, 586 F.3d 228, 232 (3d Cir. 2009)(<u>Rooker-Feldman</u> Doctrine applies to bankruptcy courts).

It therefore appears to be in the best interest of the estate that Arena's claim be finally adjudicated so that Arena's claim may be liquidated for purposes of plan confirmation and treatment in this bankruptcy case.

Subject to the strictures regarding conflicts of interest, and the reasonableness and appropriateness of incurring the professional fees, courts

have held that debtors-in-possession have the "inherent right ... to employ counsel of their choice[.]" <u>In re Diamond Mortgage Corp. of Illinois</u>, 135 B.R. at 92. Along these lines, courts have long held that bankruptcy estates may select their professionals "without interference from creditors." <u>See</u> 3 COLLIER ON BANKRUPTCY at ¶ 327.04[1] (Alan N. Resnick & Henry J. Summer eds. 16th ed)(collecting cases). Only in the "rarest of cases" will the estate be deprived of the ability to select counsel. <u>Id</u>. And, the "failure to approve the trustee's [or debtor-in-possession's] selection in the absence of good reason has been called an abuse of judicial discretion." <u>Id</u>.

In the instant case before this Court, and upon due consideration of each and every one of the allegations contained within Arena's objection, the Court sees no reason at this time to disturb the Debtor's choice of local appellate counsel with respect to the New York appeal.

Specifically, the Court has considered Arena's claim that under New York rules there is no requirement that a local lawyer be retained to prosecute an appeal in the state court system. That fact, if true, is not outcome determinative because it is this Court's experience that utilizing the services of a local lawyer adds valuable assistance to any long distance lawyer that may occasionally appear in the far off jurisdiction. This benefit has been acknowledged by counsel to the Debtor where counsel states in its pleadings: "There are also procedural differences in the New York Court which the Firm can provide insight and can

instruct Lead Counsel on issues that may be otherwise unfamiliar, thus saving time and legal fees that would be required in order for Lead Counsel to become familiar with the New York Court's appellate procedures." <u>See</u> *Reply* at para. 3, filed at ECF No. 147.

To further illustrate this point, there is no residency requirement for lawyers generally admitted to practice in the Western District of Pennsylvania.[4] It is this Court's observation that historically there have been many instances where large out of town law firms enter their appearance to represent parties in interest in bankruptcy cases, and such firms usually have at least one lawyer admitted to practice in the Western District of Pennsylvania.  But understandably these out of town firms choose to utilize local lawyers as part of its team.  Just this past week, at the hearing on the Retention Application, Arena had 2 New York lawyers present for this routine matter (and there may have been more because the Court observed multiple people moving about in White & Case's New York office during the Zoom video hearing).  However, the office of White & Case had audio problems with their Zoom feed, and the local lawyer for Arena stepped in and advocated Arena's interests.

The Court also duly considered Arena's concerns regarding efficiency and

---

[4] <u>See</u> LCvR 83.2 of the Local Rules of the United States District Court for the Western District of Pennsylvania.  The only residency requirement before this Court concerns instances where non-admitted lawyers seek admission *pro hac vice*.  In this instance, association with resident local counsel is required. <u>See</u> PA.LBR 9010.1(c) of the Local Rules of the United States Bankruptcy Court for the Western District of Pennsylvania.

redundancy, which can be an issue when a trustee or debtor-in-possession seeks to retain special counsel to assist in particular matters.  The Court, however, finds that lead counsel for the Debtor is an experienced bankruptcy lawyer, and is more than able to supervise the work of local appellate counsel in light of its specific (and narrowly tailored) duties.  Moreover, local appellate counsel themselves are seasoned professionals who understand the risk of disallowed or reduced compensation in the event they perform work that is either unnecessary or is duplicative of the work performed by lead counsel.

Lastly, the Court has considered Arena's concerns regarding the "meager" distributions being proposed by the Debtor's plan of reorganization.  That concern is a confirmation issue pursuant to 11 U.S.C. § 1129, which Arena may address at the appropriate time in the future.  Parenthetically, the Court would note that the Court previously issued a rule to show cause as to why this case should not be dismissed, see ECF No. 107, and Arena filed neither a response nor advocated for dismissal of this Chapter 11 case.

Under all of these circumstances, the Court ponders exactly what is the purpose behind Arena objecting to the Retention Application?  Is it to make the Debtor's reorganization efforts more costly or to un-necessarily expand litigation?  The Court hopes not. See 28 U.S.C. § 1927 and Fed.R.Bankr.P. 9011.

For all of these reasons, the Court finds that the objection has no merit, and

that an Order shall be entered that approves the Retention Application.


April 4, 2022                     _____
                                 The Honorable Jeffery A. Deller
                                 United States Bankruptcy Judge


cc:     Counsel to the Debtor
        Counsel to Purlin 2, LLC and Arena Limited SPV, LLC
        Office of the United States Trustee